NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JOSEPH WALTERS, *Plaintiff/Appellant*,

*v.*

SHAKARI D'ANNIBALE, *Defendant/Appellee*.

No. 1 CA-CV 21-0520
FILED 6-14-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2021-004894
The Honorable David W. Garbarino, Judge

**AFFIRMED**

---

COUNSEL

Zazueta Law PLLC, Scottsdale
By Fabian Zazueta, Garrett Respondek
*Counsel for Plaintiff/Appellant*

Shakari D'Annibale, Phoenix
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1        Plaintiff Joseph Walters ("Landlord") appeals the superior court's judgment finding defendant Shakari D'Annibale ("Tenant") not guilty of forcible detainer and awarding her attorneys' fees and costs. Because Landlord has shown no error, we affirm.

## BACKGROUND

¶2        Landlord owns a house located on Camelback Mountain in Phoenix.  The house is fully furnished with Landlord's personal property and from 2015-2018 it was used for short-term rentals.  In July 2019, Tenant signed a lease agreement ("Lease") to rent the house for 24 months beginning August 1, 2019 and paid a $16,500 security deposit.  Tenant's monthly payments were set at $11,000 but the Lease did not include a due date for rent.  The Lease prohibited Tenant from keeping pets on the premises and specified that she would occupy the house with her two children.  The Lease also contained an anti-waiver provision, which provided:

> No waiver by Landlord of any provision herein shall be enforceable against Landlord unless in writing signed by Landlord, nor shall it be deemed a waiver of any other provision herein or of any subsequent breach by Tenant of the same or any other provision. Landlord's consent to or approval of any act shall not constitute a continuing consent to or approval of any subsequent act by Tenant.

¶3        On February 23, 2021, Landlord sent Tenant a Notice of Intent to Terminate Lease for Material Breach of Rental Agreement ("February Notice").  He alleged that Tenant had unauthorized pets, unauthorized occupants, and failed to maintain the premises.  Tenant had ten days to cure the violations or the lease would automatically terminate and Landlord could file an eviction action.  *See* A.R.S. § 33-1368(A).

¶4 Landlord accepted Tenant's rent payment for March 2021. On March 26, 2021, Landlord filed a complaint in superior court seeking to evict Tenant. Landlord alleged in part that Tenant breached the Lease by having cats on the premises, allowing unauthorized occupants (four children instead of two) to live in the house, and failing to maintain the premises. Landlord then accepted Tenant's rent payment for April 2021.

¶5 After a bench trial, the court found Tenant not guilty of forcible detainer. The court held that the Lease's anti-waiver provision is invalid because it conflicts with the Arizona Residential Landlord and Tenant Act ("ARLTA"). *See* A.R.S. §§ 33-1371(C) (providing a waiver defense for tenants if a landlord accepts rent with knowledge of a past breach), -1315(A)(1) ("A rental agreement shall not provide that the tenant . . . [a]grees to waive or to forego rights or remedies under [ARLTA]."). The court therefore determined that because Tenant made all rental payments through April 2021, under § 33-1371(C), Landlord waived his right to terminate the Lease for any breach occurring before his most recent acceptance of rent. The court further explained, however, that assuming § 33-1371(C) did not apply, the only issues before the court were those outlined in the February Notice: unauthorized animals, unauthorized occupants, and failure to maintain the premises.

¶6 Noting the conflicting evidence about whether Tenant failed to cure the unauthorized pets issue, the court found that Landlord did not meet his burden to prove that it was more likely than not that Tenant failed to cure the issue. The court also found that Tenant lived in the house with her four children, and that "but for [Landlord's] acceptance of rent, the occupancy issue would constitute grounds to terminate the Lease." The court explained that there was insufficient evidence to support Landlord's property damage claim, with the exception of any damage caused by the unauthorized pets, which could be addressed through Tenant's security deposit. Thus, the court concluded that eviction for the alleged property damages was not the proper remedy.

¶7 Tenant requested more than $34,000 in attorneys' fees and costs pursuant to the Lease, which provided that the prevailing party in any dispute between the parties would be awarded fees and costs. The court found the amount requested was unreasonable and awarded $17,000 instead. Landlord timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶8 Landlord argues the court erred in finding that the anti-waiver provision was unenforceable, and that Tenant was not guilty of forcible detainer. He acknowledges that Tenant has long since vacated the Property, but argues his appeal is not moot because if he prevails on appeal, Tenant would no longer be the prevailing party, which would affect the superior court's fee award. Tenant agrees that the appeal is not moot for that same reason. We agree. *See Fisher v. Maricopa County Stadium Dist.*, 185 Ariz. 116, 119 (App. 1995).

¶9 We review questions of law de novo, but "defer to the superior court's findings of fact unless clearly erroneous." *Fleming v. Tanner*, 248 Ariz. 63, 68, ¶ 13 (App. 2019); *see also* Ariz. R. Civ. P. 52(a)(6).

¶10 Landlord argues the superior court erred in finding the anti-waiver provision was unenforceable under ARLTA. However, that provision plainly requires that Tenant forego her rights and remedies under § 33-1371(C). Thus, the court properly concluded that the provision is unenforceable under ARLTA. *See* A.R.S. § 33-1315(B) ("A provision that is prohibited by" § 33-1315(A) "and that is included in a rental agreement is unenforceable.").

¶11 Landlord interprets the superior court's ruling to mean that if a landlord accepts rent, thus waiving any breaches, he may not evict a tenant for a subsequent breach (occurring after the latest rental payment). We do not read the ruling that way. But even assuming the court's preclusion of the anti-waiver provision was overly broad, it does not change our analysis because each of the three issues contained in the February Notice were waived by Landlord's acceptance of rent in March and April.

¶12 Nonetheless, Landlord argues he did not waive his right to evict Tenant for the unauthorized occupants and pets. He contends Tenant continued to maintain unauthorized occupants and pets at the house after he accepted the April 2021 rental payment. He claims there was a "strong inference" that Tenant continued to have cats on the premises after the April 2021 rent payment because the smell of cat urine was still present. Landlord also points to the superior court's finding Tenant did not dispute that she continued to allow her four children to reside at the house, despite the Lease's occupancy limit of two children.

¶13 Landlord, however, fails to acknowledge that the only issues before the superior court were those outlined in the February Notice, and

whether Tenant cured those breaches. The superior court properly limited its review to the issues contained in that notice, which alleged that Tenant had unauthorized pets, unauthorized occupants, and failed to maintain the premises. When Landlord accepted the April rent payment, Landlord waived the issues raised in the February Notice. To the extent there were new breaches of the Lease, nothing in the record shows that Landlord gave Tenant notice of any alleged breaches occurring after he accepted the April 2021 rental payment, or that Tenant was given an opportunity to cure them. *See* § 33-1368(A) (providing that "if there is a material noncompliance by the tenant with the rental agreement . . . the landlord may deliver a written notice to the tenant"). Thus, Landlord's reliance on conduct that occurred after he accepted the April 2021 rent payment is unavailing.

¶14 We also reject Landlord's contention that the court erred in finding that he did not meet his evidentiary burden regarding the pet issue. The superior court "is in the best position to weigh evidence and assess witness credibility." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016). As such, we defer to the court's findings of fact if supported by reasonable evidence and inferences. *Id.*

¶15 The court heard conflicting testimony about whether Tenant had cats on the property after the February Notice. For example, both Landlord and his property manager testified that a black and white cat was seen on the driveway of the house at an inspection in April 2021, and that they could smell cat urine inside the house during that inspection. Tenant offered testimony that the black and white cat did not belong to her, nor was she taking care of it on the premises. She also testified that many of Landlord's items were still in the house during the lease, and that cat products found in the house did not belong to her.

¶16 The superior court noted that while the evidence established that Tenant had cats on the premises on occasion, "[t]he evidence conflicted as to whether [Tenant] cured the issue within ten days of the February [] Notice." Finding no credibility issues with any of the testifying witnesses, the court determined that Landlord failed to show "that [it] was more likely than not that [Tenant] did not cure the issue." Because the court's findings of fact regarding the unauthorized pets are supported by conflicting but reasonable evidence, Landlord has failed to show such findings were clearly erroneous.

**CONCLUSION**

**¶17** We affirm the superior court's ruling and award of attorneys' fees to Tenant. Both parties seek an award of attorneys' fees. Because Landlord has not prevailed, we deny his request. We also deny Tenant's request because she is no longer represented by counsel. As the successful party on appeal, Tenant is entitled to recover her taxable costs subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA